P. M. SANDERS ET AL. v. B. H. HAMBRICK ET AL.

Delivered June 24, 1897.

**Principal and Surety—Discharge of Sureties.**

Sureties for the performance of a contract for an advance by H. to M. of $1000 to be used by M. in the purchase of a specified number of cattle of designated classes, to be passed upon, graded, and counted at a specified place, and delivered free from all expense to H., who was to pay the balance on the delivery of the cattle, are released from liability where H., before the time for delivery, without the knowledge of the sureties, pays M. $650 in addition to the $1000 specified in the contract, this being a material alteration of its terms. Following Ryan v. Morton, 65 Texas, 258.

APPEAL from the County Court of Rusk. Tried below before Hon. S. J. HENDRICK.

*John R. Arnold*, for appellants.—1. A surety's liability being measured and limited by the terms of the secured contract, any material alteration

of such contract by the principal without the consent of the sureties discharges the sureties. Clark v. Cummings, 84 Texas, 614; Ryan v. Morton, 65 Texas, 260; Lane v. Robison, 57 Texas, 369; Wylie v. Hightower, 74 Texas, 307; Gardner v. Watson, 76 Texas, 31.

2. Hambrick can not recover of Millard's sureties damages for a breach of contract, when he contributed to this by paying Millard $650 before the time agreed on. Borden v. Manufacturing Co., 51 Texas, 128; Cooper v. Dallas, 83 Texas, 242; Railway v. Anderson, 85 Texas, 90; Railway v. Smith, 63 Texas, 328; Sedgwick on Damages, 94; 24 Am. & Eng. Encyc. of Law, 749, 750.

3. Changing the place for grading, counting, and "passing upon" the cattle, was such alteration of the contract as discharged the sureties. 84 Texas, 614; 65 Texas, 260; 57 Texas, 369; 74 Texas, 307; 76 Texas, 31.

*N. B. Morris* and *W. C. Buford,* for appellees.

PLEASANTS, Associate Justice.—The nature and result of this suit is thus given by counsel for appellants:

On February 12, 1896, appellees, Hambrick and Millard, entered into a written contract, by the terms of which Hambrick advanced to Millard $1000, to be used by Millard in the purchase of 300 cattle, of specified classes, raised in Nacogdoches County, Texas, and to average with Nacogdoches County cattle. The cattle were to be "passed upon and graded at Nacogdoches, Texas, and there counted;" and to be delivered to Hambrick on April 1, 1896, at Henderson, Texas, "free from all expense to said Hambrick." On delivery of said cattle, Hambrick was to pay Millard the balance, at certain prices for specified grades of cattle.

On the execution of this contract, Hambrick required, and Millard gave, security, with appellants Sanders and Buchanan as sureties. About March 2, a month before time for delivery of said cattle, without the knowledge of said sureties, Hambrick paid to Millard $650 over the $1000 stipulated for in said contract. The cattle were not "passed upon, graded, and counted" at Nacogdoches, Texas. The cattle were at Nacogdoches on March 26, and arrived at Henderson on March 29. After the cattle left Nacogdoches, appellant Sanders learned that the cattle had not been passed upon and classed before their removal, and that Millard had been paid the additional $650, and came in person to Henderson. Sanders would not have become surety unless the contract had provided for grading and classing the cattle at Nacogdoches, Texas. Millard delivered to Hambrick 203 cattle, worth $1335, at agreed prices, and failed to deliver 97 cattle, worth $2 per head more than the agreed prices. The evidence is conflicting, and the record fails to show what occurred on many disputed points. There were unsuccessful efforts at settlement of difference between Hambrick and Millard.

Hambrick brought this suit, alleging that he had paid Millard, on making the contract sued on, the $1000 called for therein, and "about ten days later $650 more." That Millard had delivered him 203 cattle,

and failed to deliver 97 cattle per terms of contract. That the $1650 paid Millard was $315 more than the value of the 203 cattle delivered. That the 97 cattle not delivered were worth in Henderson, at the date for delivery, $2 per head more than contract price. That appellants became sureties for Millard at time of making contract, and were liable for the $315 overpaid to Millard, and for the $2 per head for the 97 cattle not delivered; and making the contracts between Hambrick and Millard, and between Hambrick and sureties, part of the petition. Defendants answered by exception to jurisdiction, by demurrer, by denial, and specially, as to sureties, that plaintiff had violated the contract by not classing and grading the cattle at Nacogdoches, Texas, and by paying to Millard the additional $650 before the cattle were delivered as per contract.

The trial judge, without jury, found: "2. That on March 2, 1896, plaintiff Hambrick paid to defendant Millard, as part of the purchase money on said cattle, $650, in addition to the $1000 mentioned in the contract, and that the sureties knew nothing of the advance of this additional amount at the time;" and "8. That the 203 head of cattle delivered to Hambrick, at the contract price, amounted to $1335, leaving a balance of $315 of the money advanced to purchase said cattle; and that the market value of the 97 head of cattle not delivered was $2 more per head than the contract price of same, making a damage to Hambrick of $194 together with the $315, making plaintiff Hambrick's damages $509."

The judgment was, "that plaintiff, B. H. Hambrick, do have and recover of defendants, J. J. Millard, P. M. Sanders, and J. R. Buchanan, jointly and severally, the sum of $509, with legal interest;" to which the defendants excepted, and gave notice of appeal to this court. Under a ten-day order, the trial judge made and certified a statement of facts, in addition to the findings of facts and of law. Sanders and Buchanan perfected their appeal.

We are of the opinion that, upon the facts as disclosed by the transcript, the appellee has no cause of action against appellants. The advancement by appellee to Millard, before the delivery of the cattle by the latter, in accordance with the terms of the contract, was, in the opinion of a majority of this court, so material an alteration of the contract that the appellants were thereby released from their guaranty for the performance of the contract by Millard. This case, in the judgment of this court, seems not to be distinguished from that of Ryan v. Morton, 65 Texas, 258.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*